**Terrance H. GEAGHAN**

v.

**CITY OF BATH.**

Supreme Judicial Court of Maine.

Argued Sept. 21, 1989.

Decided Oct. 2, 1989.

Terrance H. Geaghan (orally), Bath, pro se.

Roger R. Therriault (orally), Bath, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

In this case we conclude that the definition of "professional offices" in Bath's Land Use Code ("Code") does not include insurance agencies. We therefore affirm the judgment of the Superior Court (Sagadahoc County, *Bradford, J.*) that reversed the contrary decision of the Zoning Board.

Under the Code, a nonresidential use is not permitted in an R1 (high density residential) district unless specifically allowed as a conditional use. Property owner Barbara Harrington applied for a conditional use permit to use her property in an R1 district as an insurance agency. Terrance

Geaghan, a neighbor, objected. Section 8.05(C) of the Code enumerates 13 permissable conditional uses. Only one is relevant: "conversion of an existing structure to provide professional offices." In section 2.1, the Code defines the term "Professional Offices" as the "offices of a doctor, lawyer, architect, engineer, accountant, optometrist, psychologist or similar practitioner." The Zoning Board granted Harrington the conditional use permit, treating the insurance agency as included within the category of professional offices. Geaghan challenged the Board's decision in Superior Court under M.R.Civ.P. 80B. The Superior Court reversed the Zoning Board's decision and revoked the permit. The City of Bath has appealed.

In light of the very clear language of the Bath Land Use Code we need not reach a number of the issues raised by the parties. The definition of professional offices lists doctors, lawyers, architects, engineers, accountants, optometrists, psychologists and "similar practitioner[s]." Under any ordinary interpretation of the English language, an insurance agent is neither one of the named professionals nor a "similar practitioner." Equally compelling, the general definitional section of the Code explicitly recognizes insurance agents as a separate potential land use and includes them in the category of "Finance, Insurance, and Real Estate" ("[e]stablishments operating primarily in the fields of . . . insurance . . . such as . . . insurance agents . . . and similar establishments"). The Code is thus so clear on its face in the treatment of insurance agents that the Superior Court was correct in reversing the Zoning Board's decision permitting the conditional use. Since the ordinance language is clear, there was no reason for the Superior Court to permit the City of Bath to augment the record to include prior decisions of the Board.

The entry is:

Judgment affirmed.